IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANICE HYATT<br>JOHN HYATT, husband,<br><br>Plaintiffs,<br><br>vs.<br><br>OPRY MILLS MANAGER, L.L.C. and<br>OPRY MILLS MALL LIMITED<br>PARTNERSHIP,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 3:10-0898<br>) JUDGE NIXON/KNOWLES<br>)<br>) JURY DEMAND<br>)<br>)<br>)<br>) |

## ORDER

This matter is before the Court, *sua sponte*, with regard to an issue concerning this Court's jurisdiction. "[E]very federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own Motion." *Things Remembered, Inc. v. Petrarca, Inc.,* 516 U.S. 124, 132 n.1 (Ginsburg, J., concurring). *See also Answers in Genesis of Kentucky, Inc., v. Creation Ministries International, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Plaintiffs have invoked the jurisdiction of the Court under 28 U.S.C. § 1332(a)(1) (diversity of citizenship). Plaintiffs identify themselves as citizens of Florida. Docket No. 1, p. 1. Defendants are identified as follows:

> 3. Defendant, Opry Mills Manager, L.L.C., is a Delaware
> 
> corporation doing business in the State of Tennessee with its

> principal office located at 225 W. Washington Street, Indianapolis,
> Indiana 46204.
>
> . . .
>
> 5. Defendant, Opry Mills Mall Limited Partnership is a Delaware
> corporation doing business in the State of Tennessee with its
> principal office located at 225 W. Washington Street, Indianapolis,
> Indiana 46204.

Docket No. 1, p. 1-2.

These allegations regarding Defendants are not sufficient to establish that this Court has diversity jurisdiction of this action. It is unclear to the Court how the "Opry Mills Manager" entity can be both a limited liability company and a Delaware corporation. Likewise, it is unclear to the Court how the "Opry Mills Mall" entity could be a limited partnership and a Delaware corporation.

The citizenship of a limited liability company is determined by the citizenship of each of its members, and not with regard to the state in which it is incorporated or the state in which it has its principal place of business. *See Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009). The citizenship of a partnership is determined by the citizenship of each of its partners. *See Carden v. Arkoma Associates,* 494 U.S. 185 (1990).

The burden of establishing the requirements of diversity jurisdiction rests upon Plaintiffs, who have invoked the Court's jurisdiction. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1993).

Within twenty (20) days of the entry of this Order, therefore, Plaintiffs shall file a

Response to this Order addressing the points discussed above and establishing and the Court does, in fact, have subject matter jurisdiction of this action. Defendants may file a Reply to the Plaintiffs' Response within fifteen (15) days of the filing of Plaintiffs' Response.

    IT IS SO ORDERED.

                                                               E. Clifton Knowles
                                                               United States Magistrate Judge